# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIANA ACOSTA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10 C 6081 |
| ) | |
| TARGET CORPORATION, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Diana Acosta sued Target Corporation in the Circuit Court of Cook County, asserting a state law negligence claim. Target removed the suit to federal court. The Court has jurisdiction based on diversity of citizenship. Target has moved for summary judgment. For the reasons stated below, the Court grants the motion.

## Background

On August 26, 2009, Acosta and her daughter went shopping at a Target store in Cicero, Illinois. The two entered the store shortly before 9 a.m. After using the restroom, they shopped for about twenty minutes. Acosta then went to the men's clothing department of the store. At the time, she was not carrying any items to purchase. In the men's department, she picked out a jacket for her son. After selecting the jacket, Acosta turned and fell on a tiled floor.

Acosta says that she slipped and that the slip was caused by a light or clear liquid on the floor. The parties agree that there is no evidence regarding why the liquid

was on the floor or how long it had been there. Acosta states that there was nothing about the liquid to indicate that it had partially dried or that anyone else had walked through it or slipped in it before her. At her deposition, Acosta did not remember seeing any Target employees in the area at the time of the fall.

After falling, Acosta did not report the accident immediately but continued shopping, eventually picking ten items to buy. She claims that when she made her purchases she mentioned the accident to the cashier and showed the cashier that her clothes were wet. She states that the cashier then wrote down that someone had slipped on a piece of paper. A video of Acosta checking out, however, does not show the cashier writing anything or Acosta pointing out anything on her clothes.

## Discussion

On a motion for summary judgment, the Court "view[s] the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Trinity Homes LLC v. Ohio Cas. Ins. Co.*, 629 F.3d 653, 656 (7th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, a court may grant summary judgment "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Under Illinois law, "[t]o recover on a negligence claim, the plaintiff must establish the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately resulting from that breach. If the plaintiff cannot establish an element of her

2

cause of action, summary judgment for the defendant is proper." *Pavlik v. Wal-Mart Stores*, 323 Ill. App. 3d 1060, 1063, 753 N.E.2d 1007, 1010 (2001) (citation omitted); *see Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008) (federal court applies Illinois substantive law in a personal injury diversity action). Target does not dispute that it owed Acosta a duty of reasonable care. Rather, it argues that Acosta cannot demonstrate that Target breached that duty and that the breach proximately caused her injury.

Under Illinois law,

> [a] business owner breaches it duty to an invitee who slips on a foreign substance if (1) the substance was placed there by the negligence of the proprietor or (2) its servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e. the proprietor had constructive notice of the substance.

*Pavlik*, 323 Ill. App. 3d at 1063; 753 N.E.2d at 1010 (internal quotation marks and brackets omitted). When a plaintiff alleges constructive knowledge, the amount of time that the substance was on the floor is "of critical importance." *Reid*, 545 F.3d at 481 (internal quotation marks omitted). "Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive knowledge." *Id.* at 482.

Acosta admits that there is no evidence showing how the liquid came to be on the floor of the store. Without such evidence, she cannot show that some negligence by a Target employee caused the liquid to be there. Acosta offers no evidence—either direct or inferential—that any Target employee was aware of the liquid on the floor before she fell, and thus no reasonable jury could find that Target had actual notice.

Finally, Acosta admits that she has no evidence indicating how long the liquid was on the floor. Because there is no evidence regarding the length of time the liquid was on the floor, no reasonable jury could find that Target had constructive notice.

Acosta makes two arguments to support her contention that the Court should deny Target's summary judgment motion. First, she states that Target employees restock the shelves of the store every morning, the items to be restocked are stored in a back room, and there is a door leading from the back room into the men's department. She contends that the liquid could have been spilled by a Target employee taking merchandise to the shelves before the store opened at 8 a.m. She then claims that Target failed to inspect the men's department for spills before opening to the public.

Acosta's argument fails because it represents no more than speculation, which is insufficient to avoid summary judgment. *See Roger Whitmore's Auto. Servs. v. Lake County*, 424 F.3d 659, 669 (7th Cir. 2005). She offers no evidence from which a reasonable jury could infer that a Target employee spilled a liquid in the men's department on the morning she fell and no evidence from which a reasonable jury could infer that Target employees did not inspect the area before opening for business. Her argument is only that a Target employee could have spilled the liquid onto the floor in the manner she suggests. It is insufficient for Acosta to merely provide a possible way in which a Target employee could have spilled the liquid; she cannot simply "identif[y] a potential source of" the liquid and hope to avoid summary judgment. *See Ciciora v. CCAA, Inc.*, 581 F.3d 480, 483 (7th Cir. 2009) (plaintiff who had fallen on ice argued that ice could have formed on store awning, but this was merely speculation, and summary judgment was appropriate because she presented no evidence that ice had

formed on awning or that she had fallen near awning).

Additionally, the evidence in the record would not even allow a reasonable jury to conclude that Target employees had taken liquid merchandise through the men's department on the way to restocking the shelves that morning. Brein Brown, the manager of the store's "soft lines" departments, clothing and shoes, did testify that there is an entrance to the back room in the men's department. Pl. Ex. 2 at 27–28. She also testified, however, that merchandise was taken from the back room via specific doors and that the door in the men's department was used primarily for the soft lines. *Id.* at 30. Another supervisor, Tiffany Puff, testified that she had never seen anyone taking liquids or chemicals through the men's department and that anyone with those items likely would use another door to the back room because it would be quicker. Pl. Ex. 4 at 72, 77–78. A store manager, Melanie Olivera, stated that although it was possible that liquids would be brought through the men's department, liquids and chemicals were sold at the opposite end of the store and were not stored near the men's department door in the back room. Def. Ex. C at 60–61. Brown and Puff testified that the back room is not only behind the men's department but extends along the whole width of the store and has three doors, only one of which is in the men's department. *Id.* at 28; Pl. Ex. 4 at 45–47  When asked to hypothesize where a spill might have come from, Brown stated that no liquid should come from the back room through the door in the men's department, but if liquid was brought that way, a spill could have resulted. Pl. Ex. 2 at 39.

Acosta's argument based on this evidence amounts to speculating that Target employees might have decided, contrary to usual practice, to move liquids through the

5

men's department and then speculating that while they were doing so, a liquid spilled. A reasonable jury could not reach that conclusion based on the record. *Cf. Lane v. Hardee's Food Sys.*, 184 F.3d 705, 708–09 (7th Cir. 1999) (jury could find that water on bathroom floor was caused by restaurant's negligence when employees mopped bathroom every day at 10:30 a.m. and plaintiff entered bathroom and slipped shortly after 10:30).

Acosta's second argument is based upon assertions that the roof of the Target store leaked and that it was raining on the day that she fell. She contends that Target knew the roof leaked and had a duty to repair the roof or secure the areas of the store in which leaked water fell. This argument also fails because it is based only on speculation: Acosta only argues that a leak could have occurred and provides no evidence that one did. *Ciciora*, 581 F.3d at 483. She relies on a statement by Brown that the Target roof has leaked and that she had to call a store manager regarding a leak. Pl. Ex. 2 at 39–40, 42. But Brown also said that she was aware of only one leak at the store since she began working there in 2002. *Id.* at 55. She stated that heavy snow melting on the roof of the building caused the leak and that she was not aware of any leak caused by rain at the store. *Id.* at 56. In addition, the leak was at the opposite end of the store from the men's department. *Id.* Brown also stated that the leak had been repaired and that until it was repaired, Target had placed cones in the area to warn shoppers of water on the floor. *Id.* at 57. Given this evidence, no reasonable jury could find that rain caused liquid to be on the floor in the men's department.

**Conclusion**

For the reasons stated above, the Court grants defendant's motion for summary

judgment [docket no. 15] and directs the Clerk to enter judgment in favor of defendant.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 10, 2012